IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:12-CV-0614-B |
| v. | § | |
| | § | |
| FRED K. WHISENHUNT et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM ORDER

Before the Court are Plaintiff United States of America's Objections to Magistrate's Findings, Conclusions, and Recommendation (doc. 42) and Defendant John Fredrick Voelker's Objections to Findings, Conclusions, and Recommendations of Magistrate Judge (doc. 41). For the reasons set forth below, the Court **SUSTAINS IN PART** Plaintiff's objections, **OVERRULES** Defendant's objections, and **ADOPTS IN PART** the Magistrate Judge's Findings, Conclusions, and Recommendation.

I.

BACKGROUND

This lawsuit concerns unpaid estate tax penalties. On August 16, 2002, Jacob Lindy Kay died testate. Compl. 2. Fred K. Whisenhunt, executor of Mr. Kay's estate (the "Estate"), distributed the Estate's assets before fully paying the Estate's federal estate tax. *Id.* at 3. Consequently, the IRS assessed penalties against the Estate. *Id.* As of February 29, 2012—the date on which this lawsuit was filed, the Estate's delinquent balance of federal estate tax, penalties, and interest totaled

$178,406.41. Pl.'s Mot. Ex. 5.

A.  *The Prior (Interpleader) Action*

On July 14, 2010, the law firm of Strasburger & Price LLP ("Strasburger & Price"), which had served as the executor's legal counsel, filed an interpleader action (the "Interpleader Action") in federal court to determine the proper beneficiary of $96,931.24 it held in escrow. *Strasburger & Price LLP v. Lane Gorman Trubitt, PLLC*, No. 3:10–CV–1373–L, 2011 WL 3647915, at *1 (N.D. Tex. Aug. 17, 2011). The money had been given to the firm by the Estate's beneficiaries for the purpose of paying income taxes due. *Id.* Strasburger & Price named the federal government (Plaintiff in this matter), the Estate's executor, and several beneficiaries as defendants.[1] *See id.* In turn, the federal government filed an unopposed motion for summary judgment for the funds. *Id.* The *Strasburger* court found that the government had priority by virtue of a tax lien that attached to the Estate's assets under 26 U.S.C. § 6321. *Id.* at *4. Accordingly, the Court awarded the government the $96,931.42 contained in the court's registry, in addition to any accrued interest. *Id.*

B.  *The Present Action*

Because the amount awarded in the Interpleader Action does not cover all of what the Estate owes the IRS, Plaintiff sued Defendants John Fredrick Voelker, Fred K. Whisenhunt, and three other beneficiaries of the Estate in the present matter.[2] Plaintiff's Original Complaint seeks: (1) judgment against the Estate for delinquent estate taxes under 26 U.S.C. § 6651(a)(1); (2) judgment against

---

[1] John Fredrick Voelker was not one of the beneficiaries that was listed or served as a named defendant in the Interpleader Action. *See* Compl. at 2–3, *Strasburger*, No. 3:10–CV–1373–L.

[2] The three other beneficiaries are Elizabeth K. Spain, Joyce K. Whisenhunt, and Blake Clifton. Compl.

Fred K. Whisenhunt, in his capacity as executor, under 26 U.S.C. § 7402; (3) foreclosure of federal tax liens under 26 U.S.C. § 6324(a)(1); (3) judgment against Fred K. Whisenhunt personally for fiduciary liability under 31 U.S.C. § 3713 and Sections 320, 322, and 322B of the Texas Probate Code; (4) judgment against the Estate's beneficiaries under 26 U.S.C. § 6324(a)(2); and (5) judgment against the Estate's beneficiaries under Section 37 of the Texas Probate Code. Compl. 4–8.

On May 6, 2013, Plaintiff moved for summary judgment against Defendant Voelker, who is the only remaining defendant.[3] Mr. Voelker is the largest beneficiary of the Estate, having received a distribution in excess of $520,000 before the Estate fully paid its estate tax liabilities. Def.'s Mot. Ex. 3A-2. Pursuant to 26 U.S.C. § 6324(a)(2), Plaintiff seeks a judgment against Defendant for the full amount owed by the Estate. Pl.'s Mot. Not surprisingly, Defendant opposes Plaintiff's motion. He has filed a cross-motion for summary judgment (doc. 33), in which he requests the Court grant "a final summary judgment as to any and all liability that he may have as claimed by the United States of America" on the grounds of res judicata.

On October 9, 2013, the Court ordered the two summary judgment motions referred to the United States Magistrate Judge Irma Carrillo Ramirez for hearing, if necessary, and recommendation or determination. Doc. 39. On February 28, 2014, Judge Ramirez considered the parties' motions and filed her Findings, Conclusions, and Recommendation ("Findings and Recommendation"). Doc. 40. Judge Ramirez determined that Plaintiff had met its summary judgment burden to show that Defendant is personally liable under § 6324(a)(2) for the Estate's unpaid tax obligations up to the

---

[3] Defendants Elizabeth K. Spain, Joyce K. Whisenhunt, and Blake Clifton were dismissed from the action pursuant to voluntary and stipulated dismissals. *See* docs. 21–23. Defendant Fred K. Whisenhunt did not answer or otherwise defend in the action. Doc. 10. Consequently, the United States obtained a default judgment against him and the Estate. Docs. 10; 12; 18.

value of his IRA distribution at the time of decedent's death. *Id.* at 7. However, Judge Ramirez also concluded that res judicata barred Plaintiff's claim. *Id.* at 20. She therefore recommended that Plaintiff's motion be denied, Defendant's motion be granted, and the claim against Defendant be dismissed with prejudice. *Id.* at 20.

On March 11, 2014, Defendant filed his objections to Judge Ramirez's Findings and Recommendation. Doc. 41. Shortly thereafter, on March 14, 2014, Plaintiff filed its objections. Doc. 42. The Court addresses them below.

## II.

## ANALYSIS

Rule 72(b) of the Federal Rules of Civil Procedure provides that within fourteen days after being served a copy of the magistrate judge's recommendation, a party may file specific written objections. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). "The district must then 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made' before accepting, rejecting, or modifying those findings or recommendations." *Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 381 (5th Cir. 2004)(quoting 28 U.S.C. § 636(b)(1)).

1. Plaintiff's Objections

Plaintiff has raised two objections to Judge Ramirez's Findings and Recommendation. First, Plaintiff argues that general res judicata principles cannot override Congress's specific statutory structure for the assessment and collection of estate taxes. Pl.'s Obj. 2–7. Plaintiff claims that the "comprehensive structure for tax assessment and collection" that Congress has provided the federal government to collect estate taxes "provides a carefully timed sequence of events designed to limit

court jurisdiction and empower the United States with a flexible set of collection tools." *Id.* What's more, courts have recognized the government's authority to control whether and when to bring claims to collect delinquent taxes and, in response, "uniformly held that res judicata principles cannot alter or limit the statutory structure for tax assessment and collection." *Id.* at 4–7.

Given its confident assertion that res judicata is no bar to the United States' exercise of statutory collection power, the Court is perplexed as to why Plaintiff refrained from presenting this argument in any of its other filings. Nowhere in its in its own motion (doc. 30) or in its response and reply to Defendant's motion (doc. 37) does Plaintiff raise this point. Indeed, in the foregoing filings Plaintiff argues only that res judicata is not appropriate because the interpleader action "involved a different cause of action" that "did not turn on operative facts relevant to Mr. Voelker's personal liability under 26 U.S.C. § 6324(a)(2)." Pl.'s Mot. 4; Pl.'s Resp. & Reply 5.

Arguments which could have been raised before the magistrate judge but are raised for the first time in objections before the district court are waived. *See Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). "A party has a duty to put its best foot forward before the magistrate: to spell out its arguments squarely and distinctly." *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988). Indeed, "it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing and—having received an unfavorable recommendation—shift gears before the district judge." *Id.* at 991. Though Plaintiff advances the same policy concerns in its pleadings and objections as to why the Court should deny Defendant's motion,[4] its argument regarding the impropriety of res judicata in tax

---

[4] *See, e.g.,* Pls.' Resp. & Reply 6 ("In all estate tax suits, the United States would be forced to bring fiduciary suits against all executors and transferee suits against all beneficiaries—regardless of whether the

matters is ultimately unique. Indeed, challenging the existence of the "same nucleus of operative facts"—that is, disputing one of the requirements of res judicata—is completely different than challenging the applicability of the doctrine as a whole. The Court therefore declines to consider Plaintiff's new argument raised in its objections to Judge Ramirez's Finding and Conclusion. *See Hull v. Ocwen Loan Servicing, LLC*, No. 3:12–CV–1098–M, 2013 WL 3089050, at *1 (N.D. Tex. June 19, 2013).

Having rejected Plaintiff's newly-asserted argument, the Court turns to Plaintiff's second objection—that its present claim against Defendant does not meet the Fifth Circuit's standard for res judicata and thus is not barred from consideration. Pl.'s Obj. 7. In particular, Plaintiff argues that the operative facts upon which its claim against Defendant turns are different than those upon which the Interpleader Action turned. *Id.* at 8. According to Plaintiff, the interpleader court considered penalties only. *Id.* Consequently, Plaintiff maintains, the case hinged on the date the decedent died, the date the Estate filed its estate tax return, and the date the Estate paid its estate tax. *Id.* Judge Ramirez's Findings and Recommendation focuses instead on the value of Defendant's IRA distribution, a "fact [that] did not relate to any claim in the interpleader case." *Id.* at 10. As these facts are not the same, Plaintiff argues, res judicata does not apply.

Res judicata prevents parties or their privies from relitigating issues that were or could have been raised in a previous action. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). For the doctrine to apply, the Fifth Circuit requires the following four-part test be satisfied: (1) the

---

IRS knows whether the estate will be able to pay its liability."); Pl.'s Obj. 7 ("If, as in this case, the estate causes an interpleader suit to be filed, the Magistrate's opinion requires the United States to immediately bring all of its potential counterclaims, cross claims, and third party claims. The United States will not have the statutorily allotted time it needs to investigate and decide between various collection alternatives.").

parties must be either identical or in privity; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have been concluded to a final judgment on the merits; and (4) the same claim or cause of action must have been involved in both cases. *U.S. v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007)(citing *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)). Regarding the final element, a court must determine whether "the two cases under consideration are based on the 'the same nucleus of operative facts.'" *Davenport*, 484 F.3d at 326 (quoting *In re Southmark Corp.*, 163 F.3d at 934). This means the court must look beyond claims that were actually litigated and focus instead on all issues that could have been raised in the previous proceeding given the same nucleus of operative facts. *See Davenport*, 484 F.3d at 326, 329.

After reviewing the filings and the relevant law, the Court concludes that the two cases do not involve the same nucleus of operative facts. The Interpleader Action required the *Strasburger* court to determine who was the lawful beneficiary to the money tendered into the court's registry. *Strasburger*, 2011 WL 3647915, at *1. In awarding the sum to the government, the court highlighted the critical and undisputed facts: (1) the Estate owed money in federal estate tax penalties; (2) the Estate did not contest its tax liabilities in the proceeding; (3) a lien in favor of the United States arose after the nonpayment of taxes pursuant to 26 U.S.C. § 6321;(4) the lien attached to "all property and rights to property"; and (5) the interpleaded funds were property of the Estate. *Id.* at 3; 26 U.S.C. § 6321. Accordingly, the Court granted the government's motion for summary judgment. *Strasburger*, 2011 WL 3647915, at *4. The present case, however, involves a different inquiry, *to wit*, whether Defendant is personally liable for the Estate's tax liabilities. The matter thus hinges on separate key and undisputed facts, namely: (1) Defendant received a distribution from the

Estate valued at $526,506.50 at the time of inheritance; (2) Defendant received the property in the decedent's gross estate before the federal estate tax was paid; and (3) at the time the suit was filed, the Estate still had outstanding tax obligations in the amount of $178,406.41. Def.'s Mot. Ex. 3A-2; Pl.'s Mot. Ex. 1; Pl.'s Mot. Ex. 5. Though the Estate's liability for its unpaid tax obligations no doubt supports Plaintiff's positions in both actions—giving rise to the lien that creates Plaintiff's priority in the first matter and giving rise to Defendant's transferee liability at issue in the present case, the scenarios of the two actions ultimately do not parallel. *Cf. Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994) ("If the factual scenario of the two actions parallel, the same cause of action is involved in both.").

To be sure, the Court recognizes that a "claim" for purposes of res judicata is not defined simply by what was actually litigated in a dispute. *Davenport*, 484 F.3d at 327. Indeed, res judicata "bars the litigation of claims that either have been litigated *or should have been raised* in an earlier suit." *Petro-Hunt, L.L.C. v. U.S.*, 365 F.3d 385, 395 (5th Cir. 2004) (emphasis added) (internal quotation marks omitted). Still, the Court finds that res judicata is not applicable in the present matter. The Interpleader Action involved only the disposition of the money collected by Strasburger & Price LLP, and neither the government nor the court had to address Defendant's transferee liability for the Estate's tax obligations. *See Strasburger*, 2011 WL 3647915. Accordingly, the Court here does not have to re-hash any of the matters settled by the Interpleader Action in order to decide the present dispute.

This distinguishes the present case from other cases involving res judicata and transferee liability. For example, in *Davenport*, a donee attempted to litigate the extent of his own liability for a gift tax after a tax court had already determined the amount of tax for which the estate was liable.

484 F.3d at 328. However, the Fifth Circuit concluded that "the tax court's determinations of the value of the stock and the tax due are not separable." *Id.* In other words, "[o]nce a court determines the tax liability of the transferor, 'the decision is res judicata of the liability with regard to the transferee for the same tax if the transferee status can be established.'" *Id.* (quoting 14 Edwards J. Smith, Mertens Law of Federal Income Taxation § 53:31 (2004)). Thus, the donee was bound to the value of the stock established in the tax court proceeding. *Davenport*, 484 F.3d at 329.[5]

Here, Plaintiff is not attempting to relitigate the tax due or otherwise contest what was settled in the prior proceeding. Instead, Plaintiff is moving against Defendant Voelker to satisfy the Estate's penalties that remain outstanding. Though connected to the Interpleader Action by the Estate's underlying liability, this motion is not so tethered to the former case that anything which was settled therein must be here accepted or otherwise re-decided by this Court. In this motion, the Estate's liability is not in dispute. Similarly, Defendant Voelker's transferee liability was not an issue that was (or could have been) raised in the Interpleader Action. *See U.S. v. Evans*, No. SA–05–CV–099–XR, 2007 WL 4206205, at *2 (W.D. Tex. Nov. 27, 2007)(finding that res judicata does not apply where first lawsuit focused on estate's tax liability and second suit concerned beneficiary's fiduciary liability for estate's unpaid taxes); *Federated*, 452 U.S. at 399. As Defendant has failed to provide authority showing that the government, once interpleaded, is required to litigate all its claims for delinquent taxes at once, the Court finds that he has failed to demonstrate that res judicata is an appropriate defense. The Court therefore **SUSTAINS** Plaintiff's objection.

---

[5] In so ruling, the *Davenport* court noted that its view was "consistent with the decisions of the Eighth and Eleventh Circuits that a transferee cannot relitigate the tax due after a prior court had already determined the estate's tax liability." *Davenport*, 484 F.3d at 327(citing *Baptiste v. Comm'r.*, 29 F.3d 1533, 1539 (11th Cir. 1994); *Baptiste v. Comm'r.*, 29 F.3d 433, 436 (8th Cir. 1994)).

2. <u>Defendant's Objections</u>

Because the Court finds that the fourth element of res judicata has not been established, Defendant's objection that Judge Ramirez should have concluded that the doctrine bars all claims against him are **OVERRULED.**

3. <u>Plaintiff's Summary Judgment Motion</u>

After reviewing the pleadings and records in this case, as well as the Findings and Recommendation of the Magistrate Judge, the Court **ADOPTS** the Magistrate Judge's conclusion that Plaintiff has met its burden to show that Defendant is personally liable for the Estate's delinquent federal estate tax penalties up to $526,506.50, the value of his distribution at the time of decedent's death. Find. & Rec. 7.

## III.

## CONCLUSION

In sum, after a review of the Magistrate Judge's findings and recommendation on the parties' cross motions for summary judgment and a *de novo* review of those portions to which the parties properly filed objections, the Court rules as follows:

- The Court **SUSTAINS** Plaintiff's objections **IN PART** and concludes that res judicata does not bar its claim against Defendant under 26 U.S.C. § 6324(a)(2);

- The Court **OVERRULES** Defendant's objections that res judicata bars any and all liability that he may have as claimed by the United States of America;

- The Court **ADOPTS** the Magistrate Judge's conclusion that Plaintiff has met its burden to show that Defendant is personally liable under 26 U.S.C. § 6324(a)(2) for delinquent federal estate tax penalties owed by the Estate of Jacob Lindy Kay up to

$526,506.50;

- The Court **DECLINES TO ADOPT** the Magistrate Judge's recommendation that Plaintiff's motion be dismissed with prejudice; and

- The Court **ORDERS** Plaintiff's Motion for Summary Judgment is hereby **GRANTED**.

**SO ORDERED.**

**SIGNED: March 25, 2014.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE