UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-0614-B |
| | § | |
| FRED K. WHISENHUNT et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff United States of America's Motion for a Final Judgment. Doc. 48. For the reasons below, Plaintiff's Motion is **GRANTED**.

## I.

## BACKGROUND

On August 16, 2002, Jacob Lindy Kay died testate. Fred K. Whisenhunt, executor of Mr. Kay's estate (the "Estate"), distributed the Estate's assets before fully paying the Estate's federal estate tax. Consequently, the IRS assessed penalties against the Estate. This lawsuit was initiated by the United States of America regarding the unpaid estate tax, penalties, and interest, which totaled $178,406.41 as of the date this case was filed.

A.     *Complaint*

On February 29, 2012, Plaintiff the United States of America initiated suit against the executor and beneficiaries of the estate of Jacob Lindy Kay. Specifically, Plaintiff sued Defendants Fred K. Whisenhunt, John Fredrick Voelker, Elizabeth K. Spain, Joyce K. Whisenhunt, and Blake

Clifton. Doc. 1. Plaintiff's Original Complaint seeks: (1) judgment against the Estate for delinquent estate taxes under 26 U.S.C. § 6651(a)(1); (2) judgment against Fred K. Whisenhunt, in his capacity as executor of the Estate, under 26 U.S.C. § 7402; (3) foreclosure of federal tax liens under 26 U.S.C. § 6324(a)(1); (4) judgment against Fred K. Whisenhunt personally for fiduciary liability under 31 U.S.C. § 3713 and Sections 320, 322, and 322B of the Texas Probate Code; (5) judgment against beneficiaries of the Estate under 26 U.S.C. § 6324(a)(2); and (6) judgment against beneficiaries of the Estate under Section 37 of the Texas Probate Code. *Id.* 4–8.

A.      *Crossclaims and Third Party Complaint*

On April 27, 2012, Defendants John Frederick Voelker and Blake Clifton filed their Answer (doc. 5) as well as their Third Party Complaint (doc. 6). The Answer included crossclaims against Fred K. Whisenhunt for breach of fiduciary duty as executor of the Estate and for breach of covenants and indemnity agreements set out in a contract between Mr. Whisenhunt and Defendants. Doc. 5 at 5–6. The Third Party Complaint named other beneficiaries of the Estate as third party defendants and sought recovery from them "for their proportionate share of any and all liability which may be assessed against [Voelker and Clifton] by reason of the causes of action of the Plaintiff . . . ."[1] Doc. 6 at 3.

B.      *Default Judgment Against Fred K. Whisenhunt and Notices of Dismissal*

Regrettably, none of the other defendants responded to Plaintiff's complaint. Consequently, Plaintiff requested the Clerk of Court to enter default against Defendants Fred K. Whisenhunt and

---

[1] In particular, Defendants Voelker and Clifton named: Robert Waggett, Jr.; Jill Lynn Waggett; Margaret Galloway List; Mary Ellen Ott; Shirley Shockley; Vicki D. Kay; Brent D. Kay; Patricia Karpf; Bruce Whisenhunt; Mary Ann Clifton Chancellor; and Joyce K. Whisenhunt

Joyce K. Whisenhunt. Doc. 9. Following the Clerk's Entry of Default against both, Plaintiff moved for default judgment solely against Fred K. Whisenhunt. Docs. 10–12. On October 10, 2012, the Court granted Plaintiff's motion. Doc. 18. In its Judgment, the Court ordered Mr. Whisenhunt, in his capacity as executor of the Estate, indebted to the United States in the amount of $178,406.41 for unpaid estate tax penalties and interest assessed under 26 U.S.C. § 6651. *Id.* The Court noted that Mr. Whisenhunt's failure to fully pay the Estate's federal estate tax and penalties constituted a violation of his statutory duties under 31 U.S.C. § 3713 as well as a violation of his fiduciary duties under the Texas Probate Code. *Id.* Consequently, the Court also ordered Mr. Whisenhunt, in his personal capacity, jointly and severally liable to the United States for payment of the judgment. *Id.* After the Court granted Plaintiffs' motion for default judgment against Mr. Whisenhunt, Plaintiff filed notices of dismissal of complaint against Joyce K. Whisenhunt, Elizabeth K. Spain, and Blake Clifton. Docs. 21–23.

C.      *Cross-Motions for Summary Judgment*

As a result of the default judgment against Mr. Whisenhunt and notices of dismissal against all of the remaining defendants except Defendant Voelker, three of Plaintiff's original six claims remained: (1) foreclosure of federal tax liens under 26 U.S.C. § 6324(a)(1); (2) judgment against the Estate beneficiaries under 26 U.S.C. § 6324(a)(2); and (3) judgment against the Estate beneficiaries under Section 37 of the Texas Probate Code. Orig. Compl. 5, 7.

On May 6, 2013, Plaintiff moved for summary judgment against Defendant Voelker on its claim under 26 U.S.C. § 6324(a)(2). Doc. 30. On June 4, 2013, Defendant Voelker filed a cross-motion for summary judgment based on res judicata. Doc. 33. The Court referred both motions to Magistrate Judge Irma Carrillo Ramirez for hearing, if necessary, and recommendation or

determination. Doc. 39. On February 28, 2014, Judge Ramirez submitted her Findings, Conclusion, and Recommendation regarding both motions. Doc. 40. Following review of the Findings, Conclusion, and Recommendation as well as the parties' objections thereto, the Court concluded that Mr. Voelker was indeed personally liable for the Estate's delinquent federal estate tax penalties up to the value of his distribution. Docs. 41–44. Accordingly, the Court ordered Plaintiff's motion for summary judgment be granted. Doc. 44.

D.    *Joint Status Report and Motion for Final Judgment*

The resolution of the parties' motions for summary judgment did not dispose of the case, as two of Plaintiff's causes of action and Defendant's crossclaims and Third Party Complaint were not decided. Accordingly, the Court ordered the parties to provide a written update on the status of their pending claims. On April 16, 2014, the parties timely filed their Joint Status Report. Doc. 47. Concurrent with the report Plaintiff filed its present Motion for Final Judgment. Doc. 48. In both filings Plaintiff indicated that its remaining claims under 26 U.S.C. § 6324(a)(1) and Section 37 of the Texas Probate Code should be dismissed as moot, and the Court should enter a final judgment with respect to all of the United States' claims. However, Defendant Voelker opposed granting final judgment and urged the Court to enter a scheduling order so that the parties could conduct discovery. As the parties have fully briefed Plaintiff's Motion for Final Judgment, the Court shall consider its merits below.

## II.

## LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure provides that, when an action involves multiple parties or claims—"whether as a claim, counterclaim, crossclaim, or third-party claim," a

court may direct entry of a final judgment as to one or more, though not all, parties or claims "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In deciding a Rule 54(b) motion, the court must make two determinations. First, the court must determine that it is dealing with a "final judgment"—that is, "a decision upon a cognizable claim for relief . . . that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (internal quotation marks omitted). Next, the court must "determine whether there is any just reason for delay." *Id.* This second inquiry requires the court "take into account judicial administrative interests as well as the equities involved." *Id.* Thus the court must "weigh 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (citing *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). Ultimately, "[a] district court decision to certify its judgment on some portion of a multiple claim as an appealable final judgment under Rule 54(b) is a discretionary act, which is not subject to second-guessing by [the appellate] court." *H&W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988).

## III.

## ANALYSIS

In the present motion, Plaintiff moves for final judgment on its claims against Defendants Fred K. Whisenhunt and John Federick Voelker. Specifically, Plaintiff requests final judgment that: (1) Mr. Whisenhunt is liable, in his capacity as executor of the Estate, for the Estate's unpaid estate tax penalties and interest assessed under 26 U.S.C. § 6651; (2) Mr. Whisenhunt is personally liable for the Estate's unpaid estate tax penalties and interest assessed under 31 U.S.C. § 3713 and Texas

law governing fiduciary duties; and (3) Mr. Voelker is personally liable for the Estate's unpaid estate tax penalties and interest assessed, up to the value of his own distribution from the Estate's assets, under 26 U.S.C. § 6324(a)(2). Plaintiff also requests judgment that its two remaining claims against Mr. Voelker under 26 U.S.C. § 6324(a)(1) and Section 37 of the Texas Probate Code are dismissed as moot.

As an initial matter, the Court notes that it has already ruled on three claims for which Plaintiff seeks judgment. Indeed, on October 10, 2012, the Court determined Mr. Whisenhunt was liable as executor under 26 U.S.C. § 6651 and personally liable under 31 U.S.C. § 3713 and Texas law. Doc. 18. On March 25, 2014, the Court concluded that Mr. Voelker was personally liable for the Estate's penalties under 26 U.S.C. § 6324(a)(2). Doc. 44. By virtue of the latter decision, the Court agrees that Plaintiff's claims against Mr. Voelker under 26 U.S.C. § 6324(a)(1) and Section 37 of the Texas Probate Code are indeed moot and should be dismissed. Thus, the determinative inquiry with respect to Plaintiff's present motion is whether just reason exists for delay in the entry of final judgment on these claims.

Not surprisingly, Plaintiff argues there is no just reason to delay. Plaintiff insists Mr. Voelker's outstanding cross- and third-party claims have no bearing on the claims that have already been decided. As Plaintiff explains, whether the other beneficiaries should reimburse Mr. Voelker for their equitable share of the transferee judgment against him does not change his own liability to the government under 26 U.S.C. § 6324(a)(2). Pl.'s Mot. 2. Thus, the Court should not require Plaintiff to wait for the adjudication of Mr. Voelker's third-party claims before it may collect liability judgment from him or Defendant Whisenhunt.

Mr. Voelker disagrees and insists it would be inappropriate to enter final judgment on

Plaintiff's claims. Mr. Voelker argues there could be valid reasons why Mr. Whisenhunt failed to pay the Estate's taxes on time, and thus he has a remaining penalty abatement claim for "reasonable cause" that he has "never conceded." Def's Resp. 7. Though Mr. Voelker acknowledges that he has not raised this defense until now, he explains this is because discovery has not taken place. *Id.* He further argues that the parties specifically reserved the opportunity to litigate remaining claims in a prior motion for a scheduling order regarding dispositive motions. *Id.* Accordingly, he urges the Court to deny Plaintiff's motion, issue a scheduling order to set discovery, and allow him to challenge the penalties that have been assessed against the Estate. Def.'s Resp. 2, 7.

In reply, Plaintiff argues that Mr. Voelker lacks standing to assert the reasonable cause defense because he is not a representative of the Estate, and, even if Mr. Voelker does have standing, he has waived his defense by failing to raise it earlier.[2] Indeed, Plaintiff points out that Mr. Voelker had "at least four other opportunities" to assert reasonable cause, and he failed to do so. Pl.'s Reply 3. Plaintiff also rejects Mr. Voelker's explanation that he specifically reserved the reasonable cause defense for further litigation. *Id.* at 5. Plaintiff is therefore adamant its motion should be granted.

After reviewing the parties' filings, the circumstances of the case, and the relevant law, the Court is of the opinion that Plaintiff's motion should be granted. As an initial matter, there seems to be no dispute that Defendant's Third Party Complaint against his co-beneficiaries has no bearing on his own liability for the Estate's unpaid penalties. Indeed, the facts necessary to determine

---

[2] In addition to waiver, Plaintiff argued that res judicata precluded Defendant from asserting a reasonable cause defense because a prior court determined the Estate's tax penalties. Pl.'s Mot. 3 (citing *Strasburger & Price LLP v. United States*, No 3:10–CV–1373–L (N.D. Tex. Aug. 17, 2011)). However, Plaintiff has since conceded that res judicata does not apply because a "'taxpayer cannot contest the existence or validity of the tax assessment in an action under § 2410.'" Pl.'s Reply 2 n.1 (quoting *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991)). In light of Plaintiff's concession and the authority on which it relies, the Court does not consider res judicata as a reason for granting this motion.

whether the third-party defendants should contribute "their proportionate share of said alleged unpaid liability" are distinct from those which underlay the Court's prior determination that Mr. Voelker is personally liable for such amount. Doc. 6 at 3; Doc. 44 at 10 (adopting magistrate judge's conclusion that Voelker is personally liable for the Estate's delinquent federal estate tax penalties up to $526,506.50). In other words, there is little risk that an "appellate court would have to decide the same issues more than once" if there were subsequent appeals of the two claims. *Curtiss-Wright*, 446 U.S. at 8.

The same could be reasonably said of Defendant's crossclaims against Mr. Whisenhunt. Indeed, whether Mr. Whisenhunt breached his fiduciary duty to Defendant or the provisions of a contract between the two men are distinct inquiries from that which the Court has already undertaken regarding Defendant's liability under 26 U.S.C. § 6324(a)(2). To the extent the matters are related by Mr. Whisenhunt's possible disability, which Defendant argues could give rise to a reasonable cause defense that could abate the penalties assessed against the Estate, the Court is unconvinced the connection should preclude it from granting Plaintiff's Motion. Assuming *arguendo* that Defendant could assert the defense,[3] he has offered nothing to substantiate his suspicion that Mr. Whisenhunt was so disabled—*to wit*, depressed—that he could not file the Estate's tax return. *See* Def.'s Sur-Reply 6. What's more, Defendant has failed to sufficiently explain why he has waited to raise the defense until this point in the litigation—after the Court has already ordered default judgment against Mr. Whisenhunt and summary judgment against Mr. Voelker, especially when

---

[3] The Court recognizes that the parties dispute whether Mr. Voelker has standing to raise the reasonable cause defense on behalf of the Estate because he is not the executor. However, the Court need not reach this issue in light of Defendant's failure to substantiate his theory or explain why he failed to raise the defense sooner.

there is evidence the parties discussed the issue as early as January 2011. *See* Doc. 48-2, Pl.'s Ex. B ("We recently discussed whether the Estate of Jacob L. Kay has a reasonable cause defense to failure to pay and failure to file penalties assessed against it.").

That no discovery has taken place is simply not compelling. Parties routinely include defenses in their responses to pleadings long before discovery commences. Indeed, Rule 8(c) "requires that an affirmative defense be set forth in a defendant's responsive pleading," or else the defense may be considered waived. *Lucas v. United States*, 807 F.2d 414, 417 (5th Cir. 1986); Fed. R. Civ. P. 8(c). In addition Rule 56(d) contemplates a situation in which a defense has been asserted but not sufficiently developed in time to oppose summary judgment. In such a case, a party may ask the court to defer ruling on the summary judgment motion, grant time for discovery of the necessary facts, or issue any other appropriate order. *See* Fed. R. Civ. P. 56(d). Clearly the Rules not only allow but, in some cases, require parties to assert defenses before the facts necessary to support them have been discovered. Consequently, the Court finds Defendant's failure to mention the defense in *any* of his filings up to this point, including to request the Court delay ruling on Plaintiff's summary judgment motion, counter to both the spirit and letter of the Rules.

For this reason the Court also finds troubling Defendant's insistence that the parties and the Court anticipated his piecemeal asserting of defenses. Defendant states that "[i]t is apparent that neither the court, nor the parties, contemplated dispositive motions deadline would result in a final opportunity to raise the relevant claims and defenses." Def.'s Resp. 7. In support, Defendant highlights both the parties' Joint Motion for Dispositive Motion Schedule (doc. 24) and the Court's subsequent Order (doc. 26). However neither supports his cause. With respect to the parties' motion, the parties stated only that the claims that remained for disposition "turn[ed] on distributions from

the gross estate of Jacob Kay and the *asserted* defenses of the Defendant John Voelker as to liability for penalties and counter-claims against others as to that liability." Doc. 24 (emphasis added). However, as the Court has already noted above, Defendant had not asserted the reasonable cause defense at the time he moved for a scheduling order. What's more, the parties' motion never discussed raising *new* claims or defenses following dispositive motions. Consequently, the Court's order nowhere addressed the matter. Though Defendant makes much of the Court's statement that it would issue a scheduling order for the remainder of the case, if necessary, Defendant is wrong to assume this was the Court's way of acknowledging his unstated interest in asserting a new defense. *See* Def.'s Resp. 7; Doc. 26. The Court was instead notifying the parties that, in the event claims remained unresolved dispositive motions, the Court would issue an order to control and expedite pretrial discovery matters. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). As the parties only moved with respect to one cause of action, this alert was entirely appropriate.

In sum, the Court concludes it is in the interest of sound judicial administration to certify Plaintiff's claims for final judgment. The Court has already decided Defendant Whisenhunt and Defendant Voelker's liability with respect to the Estate's unpaid penalties. Though a reasonable cause defense may well have mitigated both defendants' liability with respect thereto, the Court finds Defendant's failure to assert the defense earlier precludes him from now disrupting what has already been decided by both default and summary judgment. Finally, Defendant's pending third-party matter against his co-beneficiaries is sufficiently distinguishable that a risk of piecemeal appeal seems low. Accordingly, the Court finds no reason to delay Plaintiff from enforcing its judgment.

IV.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for a Final Judgment.

Concurrent with this Order, the Court will issue a final judgment on Plaintiffs' claims. The Court

will also issue a scheduling order with respect to Defendant's pending cross- and third party claims.

SO ORDERED.

SIGNED July 21, 2014.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 11 -